IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. SMITH,<br><br>    Petitioner,<br><br>  v.<br><br>GARY SWARTHOUT, Warden,<br><br>    Respondent. | No. C 11-0814 WHA (PR)<br><br>**ORDER OF PARTIAL DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; TO SHOW CAUSE**<br><br>(Docket No. 2) |

## INTRODUCTION

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He has applied for leave to proceed in forma pauperis.

## STATEMENT

In 2006, petitioner was convicted in Alameda County Superior Court and sentenced to a term of 68-years-to-life in state prison. The California Court of Appeal affirmed the judgment on appeal, and the California Supreme Court denied a petition for review.

## ANALYSIS

**A.    STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading

requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.    LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner claims (1) there was no independent and adequate state ground for denying his state habeas petition; (2) his detention and arrest violated his Fourth Amendment rights because it was not supported by probable cause; (3) evidence at was introduced at trial that was obtained in an illegal search and seizure of his vehicle, in violation of his Fourth Amendment rights, because he did not voluntarily consent to a search; (4) he received ineffective assistance of counsel at trial; (5) he received ineffective assistance of counsel at sentencing; and (6) he received ineffective assistance of counsel on appeal.

Petitioner's first claim does not state a claim for federal habeas relief because errors in the state post-conviction review process are not addressable through federal habeas corpus proceedings. *See Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998). Rather, the claim sets forth an argument as to why claims that he raised in his state habeas petitions should not be procedurally defaulted from federal habeas review. This argument will be considered in opposition to any procedural default argument raised by respondent, but not as an independent grounds for federal habeas relief.

Petitioner's second and third claims also do not state a cognizable claim for relief because *Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. California state procedure provides an opportunity for full litigation of any Fourth Amendment claim. *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1178-79 (9th

Cir. 1990).

Petitioner's remaining three claims, when liberally construed, are cognizable.

## CONCLUSION

1. Petitioner's first, second and third claims, as described above, are **DISMISSED**.

2. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within ninety days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of the date the answer is filed.

4. Respondent may file, within ninety days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fifteen days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

//

6. The application for leave to proceed in forma pauperis (docket number 2) is **GRANTED** in light of petitioner's lack of funds.

**IT IS SO ORDERED.**

Dated: March  24 , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\SMITH0814.OSC.wpd