IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY C SMITH,

    Petitioner,

  v.

GARY SWARTHOUT, Warden,

    Respondent.
                        /

No. C 11-00814 WHA

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Gregory C. Smith, a California state prisoner proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. 2254. For the reasons set forth below, the petition is **DENIED**.

**BACKGROUND**

In November 2006, an Alameda County jury found petitioner guilty of one count of rape, one count of sexual penetration by a foreign object and one count of receipt of stolen property. The events leading to petitioner's conviction are detailed below.

In January 1997, 16 year-old Jane Doe returned to her home in Fremont at about 1:30 a.m. As she unlocked her front door, petitioner grabbed her from behind, covered her mouth and nose, and told her that if she screamed, he would kill her. He then proceeded to drag her to the side of the house. He told her to pull her sweatshirt over her head and pull her pants down. Petitioner then digitally penetrated her and then almost immediately afterwards, raped

1 her. Doe continually cried and asked him not to kill her. When petitioner stopped, he told her
2 not to get up until she could no longer hear his footsteps. Doe lay on the ground for several
3 minutes and then ran home. Someone there called the police.

4     In a separate incident, on May 2, 2003, Hayward Police Sergeant Raymond Sisson, who
5 was helping the Fremont Police Department look for petitioner, saw petitioner and another
6 man at the Amador Shopping Center get into a car with expired registration tags and drive away.
7 Sisson stopped defendant and told him that he pulled him over because of the expired tags.
8 Petitioner explained that he bought the car only three days earlier. In the trunk, Sisson found a
9 purse containing a wallet, a driver's license, credit cards and a check book. The purse was stolen
10 from a woman approximately one day earlier. Petitioner told Sisson that the purse was in the car
11 when he bought it.

12     Petitioner was tried in Alameda County. The information against petitioner included
13 allegations that he had several prior convictions and prison terms. Petitioner admitted these
14 allegations. For receiving stolen property, he was sentenced to 29 years to life in prison. For the
15 rape conviction, the trial court imposed a consecutive sentence of 22 years. For the penetration
16 with a foreign object conviction, he was sentenced to another consecutive term of 22 years.

17     The California Court of Appeal affirmed the judgment and sentence, with the exception
18 of one five-year enhancement, in an unpublished opinion. *People v. Smith*, No. A116384, 2008
19 WL 2168212 (May 23, 2008). Petitioner subsequently filed habeas petitions in Alameda County
20 Superior Court, the California Court of Appeal and the Supreme Court of California. All were
21 denied.

22     Petitioner filed the instant federal habeas petition on February 22, 2011, raising six
23 claims. His petition was partially dismissed. Respondent was ordered to show cause in
24 connection with three claims alleging ineffective assistance at trial, at sentencing and on appeal.
25 Respondent filed an answer on July 22, 2011, and petitioner filed a traverse on August 23, 2011.
26 Further supplemental briefing was completed on June 1, 2012.

2

**LEGAL STANDARD**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). If the state court did not reach the merits of a claim, federal review of the claim is de novo. *Nulph v. Cook*, 333 F.3d 1052, 1057 (9th Cir. 2003).

A federal court must presume the correctness of the state court's factual findings. 28 U.S.C. 2254(e)(1). The state court decision implicated by section 2254(d) is the "last reasoned decision" of the state court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991); *Barker v. Fleming*, 423 F.3d 1085, 1091–92 (9th Cir. 2005). When there is no reasoned opinion from the state's highest court to consider a petitioner's claims, a federal court must "look through" the summary disposition to the last reasoned decision. *Ylst*, 501 U.S. at 801-06.

Habeas relief is warranted only if the constitutional error at issue had a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Penry v. Johnson*, 532 U.S. 782, 796 (2001).

**ANALYSIS**

1. **CLAIM ONE.**

Petitioner alleges that trial counsel was ineffective because he failed to investigate and secure favorable evidence and witness testimony at his suppression hearing.

Petitioner filed a motion to suppress the purse found in the trunk of the vehicle he was driving when he was arrested. He argued that the search of the trunk was not justified as a

search incident to arrest. At a hearing on the motion, Sisson testified that in May 2003, a Fremont detective informed him that a Hayward resident named Gregory Smith was a suspect in a rape case and could be driving a green Jaguar (Tr. 3–4). Sisson subsequently spotted a green Jaguar at the Amador Shopping Center and saw two people walk to the car. Based on a photograph he had seen of petitioner, he recognized him as one of the two people (Tr. 6). Sisson noticed that the registration tags on the Jaguar had expired. Sisson followed the Jaguar, then pulled it over and informed the driver that he stopped him because of the expired registration tags. He confirmed that the driver was Gregory Smith. After calling for back-up, he ordered petitioner out of the car and told him that he under arrest for a rape that occurred five years ago. Sisson testified that petitioner agreed to a search of the car (Tr. 12–13, 24). During the search, Sisson found a purse in the trunk.

Petitioner testified on his own behalf. He stated that he had recently bought the car and had put a temporary registration sticker on it (Tr. 31). Petitioner denied consenting to a search of the car (Tr. 35).

After the hearing, the trial court determined that the search was permissible because there was consent, and that Sisson had reasonable suspicion to detain the vehicle due to the expired tags and the fact that officers had been looking for petitioner (Tr. 46–47).

Petitioner now argues that counsel was ineffective for failing to conduct an investigation that would have revealed that there was a temporary registration sticker on the Jaguar. He asserts that had evidence of the sticker been adduced, it would have shown that the stop was unlawful and the purse would have been suppressed.

Claims of ineffective assistance of counsel are examined under *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on a claim of ineffectiveness of counsel, the petitioner must establish two factors. *First*, he must establish that counsel's performance was deficient, *i.e.*, that it fell below an "objective standard of reasonableness" under prevailing professional norms, *id.* at 687–68, "not whether it deviated from best practices or most common custom," *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011) (citing *Strickland*, 466 U.S. at 650). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's

4

representation was within the 'wide range' of reasonable professional assistance." *Richter*, 131 S.Ct. at 787 (quoting *Strickland*, 466 U.S. at 689). *Second*, he must establish that he was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Ibid.* Where the defendant is challenging his conviction, the appropriate question is "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. Overall, "the standard for judging counsel's representation is a most deferential one." *Richter*, 131 S.Ct. at 788.

Even assuming that failure to adduce evidence of a temporary sticker constituted deficient performance, petitioner fails to establish that he suffered any prejudice as a result. Assuming that Sisson made a mistake in failing to see the temporary sticker, that mistake did not render petitioner's traffic stop illegal if the objective facts known to him "gave rise to a reasonable suspicion that criminal activity was afoot." *United States v. Mariscal*, 285 F.3d 1127, 1131 (9th Cir. 2002) (mistake of fact will not render stop illegal if objective facts known to officer give rise to reasonable suspicion of criminal activity); *Delaware v. Prouse*, 440 U.S. 648, 663 (1979) (detention is reasonable under Fourth Amendment when officer can point to facts that, considered in light of totality of circumstances, provide objective manifestation that person being detained may be involved in criminal activity). Here, specific and objective facts justified petitioner's detention. It is undisputed that Sisson saw expired tags. Additionally, Sisson recognized petitioner as a rape suspect based on a photograph he had seen of him, and the Jaguar matched the description of one of the cars he was known to be driving (Tr. 3–6). In view of these circumstances, Sisson possessed sufficient information to permit him to validly stop petitioner, regardless of whether he had valid registration stickers.

Not only was Sisson's detention of petitioner lawful, but his search of the vehicle was proper because petitioner consented to the search (Tr. 13). The trial court concluded that Sisson's testimony regarding this matter was credible (Tr. 47). This finding is entitled to a

5

presumption of correctness pursuant to 28 U.S.C. 2254(e)(1). Thus, even if counsel was deficient in failing to adduce evidence of the temporary registration stickers, petitioner was not prejudiced by this failure because Sisson had sufficient information to detain him, as well as consent to the search of his car. Petitioner fails to demonstrate a reasonable probability that had evidence of temporary registration stickers been adduced, the results of the proceedings would have been different. *Strickland*, 466 U.S. at 694. His claim lacks merit.

Petitioner further alleges that counsel was ineffective for failing to interview the passenger in the Jaguar at the time of arrest. The passenger allegedly would have testified that petitioner did not consent to the search of the vehicle. The prosecution's evidence however, established that petitioner consented to the search when he was in the patrol car (Tr. 13). Petitioner fails to establish that the state court unreasonably denied his claim.

For the above-mentioned reasons, claim is **DENIED**.

   2.   **CLAIM TWO.**

In the heading of his claim, petitioner alleges that counsel was ineffective at sentencing. The argument that follows however, addresses substantive challenges to petitioner's sentencing. Petitioner's claim shall be construed to raise the latter challenge.

Petitioner was convicted of sexual penetration with a foreign object (count one), forcible rape (count two), and receiving stolen property (count three). The information against him included allegations that he had several prior convictions and prison terms. Petitioner admitted these allegations. For the receipt of stolen property conviction, the trial court sentenced petitioner to 29 years to life, calculated as 25 years to life under the Three Strikes law, plus an additional year for each of four prior prison terms. For the rape conviction, the court imposed a consecutive sentence of 22 years, calculated as the eight-year upper term doubled by operation of Cal. Penal Code 667(e)(1), plus five years pursuant to Cal. Penal Code 667(a)(1), plus one year pursuant to Cal. Penal Code 667.5(b). For the sexual penetration conviction, the court imposed a consecutive 22-year term based on the same calculations.

6

### 1. Dual Use of A Prior Conviction.

Petitioner alleges that a prior conviction for burglary was improperly used twice for sentencing purposes in that it was used to add a year to the sentence on count three, and was also used to add five years to the sentence on counts one and two. Petitioner's allegations raise a claim of state law error not cognizable on habeas. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Moreover, the state court found that state law permits this type of dual use. *Smith*, 2008 WL 2168212 at *7–10. Petitioner fails to demonstrate that the state court decision was unreasonable. His claim lacks merit.

### 2. Decision to Impose Consecutive Terms.

Petitioner alleges that the trial court's imposition of consecutive sentences on counts one and two violated his constitutional rights. He asserts that he is entitled to a jury finding on whether consecutive or concurrent terms should be imposed. He further claims that the factors used to impose consecutive terms in this case are unconstitutionally vague.

The trial court based its decision to impose consecutive sentences on a finding that petitioner's prior convictions were numerous and of increasing violence, and that counts one and two involved a high level of violence. *Smith*, 2008 WL 2168212 at *12. The California Court of Appeal found that petitioner's prior convictions did not provide a basis for consecutive sentencing, but nonetheless found consecutive terms justified by the violence of the sexual offenses committed by petitioner. *Id*. at *14. Petitioner fails to demonstrate that the Court of Appeal's decision was unreasonable.

Moreover, there is no constitutional requirement that the findings serving as the basis for the imposition of consecutive sentences be made by a jury. *Oregon v. Ice*, 555 U.S. 160, 169–70 (2009). Nor has petitioner cited any clearly established Supreme Court authority supporting his argument that the factors used to impose consecutive terms in this case are unconstitutionally vague. Petitioner's claim lacks merit.

### 3. Decision to Impose Full Consecutive Terms.

Petitioner challenges the trial court's decision to impose two full consecutive terms of eight years each for counts one and two under Cal. Penal Code 667.6, rather than a principal and

subordinate sentence under Cal. Penal Code 1170.1. He alleges that the offenses underlying counts one and two were not committed on separate occasions, as would be required for the imposition of full consecutive sentences. He further asserts that a jury finding was required before the court could impose full consecutive terms.

The California Court of Appeal rejected petitioner's claim on the grounds that the viciousness of petitioner's conduct supported the trial court's imposition of two full consecutive terms under the discretionary provision of Cal. Penal Code 667.6(c). *Smith*, 2008 WL 2168212 at *14–15.

To the extent that petitioner's allegations raise a claim of state law error, they are not cognizable on habeas. *See Estelle*, 502 U.S. at 67–68. 8212 at *14–15. Furthermore, as noted above, there is no constitutional requirement that the findings serving as the basis for the imposition of consecutive sentences be made by a jury. *Ice*, 555 U.S. at 169. Petitioner's allegations lack merit.

**4. Decision to Impose Full Consecutive Upper Terms.**

Petitioner alleges that the trial court violated his Sixth Amendment rights when it imposed the upper term for his rape and sexual penetration convictions by relying on his prior prison terms, his parole and probations status when the crime was committed, and unsatisfactory performance on probation and parole. The state Court of Appeal upheld the trial court's decision on the grounds that the "trial court could properly rely on defendant's parole status in imposing the upper term." *Smith*, 2008 WL 2168212 at *11.

The Sixth Amendment requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The "statutory maximum" discussed in *Apprendi* is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; in other words, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather the maximum he could impose without any additional findings. *Blakely v. Washington*, 542 U. S. 296, 303–04 (2004).

In California, sentencing courts are to consider various aggravating and mitigating factors in determining whether to impose an upper term. *See* Cal. Rules of Court 4.421 & 4.423. A single aggravating factor is sufficient to authorize a California trial court to impose the upper term. *People v. Osband*, 13 Cal. 4th 622, 728 (1996). Aggravating factors include: the defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings which are numerous or of increasing seriousness, the defendant has served a prior prison term, the defendant was on probation or parole when the crime was committed, *see* Cal. Rules of Court 4.421(b)(2)–(4), and the victim was vulnerable, *see* Cal. Rules of Court 4.421(a)(3). Probation and parole status however, fall outside the prior conviction exception to *Apprendi* and must be proven to a jury beyond a reasonable doubt. *Estrella v. Ollison*, 668 F.3d 593, 597–98 (9th Cir. 2011).

Petitioner's upper term sentence is not erroneous under *Apprendi*. Specifically, petitioner admitted several prior convictions, *see Smith*, 2008 WL 2168212 at *2. His Probation Officer's Report confirmed that they were numerous or of increasing seriousness. *See* Ans., Ex. A, Vol. 2 at 398. Because the imposition of the upper term was based on a factor admitted by petitioner, it is not unconstitutional under *Apprendi*.

Furthermore, even if the sentence were unconstitutional under *Apprendi*, any error would be harmless. *Blakely* and *Apprendi* sentencing errors are subject to a harmless error analysis. *Washington v. Recuenco*, 548 U.S. 212, 221 (2006). Applying *Brecht v. Abrahamson*, 507 U.S. 619 (1993), it must be determined whether "the error had a substantial and injurious effect" on petitioner's sentence. *Hoffman v. Arave*, 236 F.3d 523, 540 (9th Cir.2001) (internal quotation marks omitted). Under that standard, relief must be granted if there is "grave doubt" as to whether a jury would have found the relevant aggravating factors beyond a reasonable doubt. *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995). Grave doubt exists when, "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." *Id*. at 435.

In light of these legal principles, it is clear that any *Apprendi* error was harmless. In addition to petitioner's prior convictions, sufficient evidence exists in the record to support the

9

trial court's imposition of the upper term. Specifically, his Probation Officer's Report stated that he was on probation and parole when the crimes underlying counts one and two were committed, and that his performance on probation and parole were unsatisfactory. *See* Ans., Ex. A, Vol. 2 at 398. On such evidence, and in light of the highly deferential AEDPA standard, there is no "grave doubt" as to whether a jury would have found the relevant aggravating factor beyond a reasonable doubt. Petitioner's claim lacks merit and is **DENIED**.

### 3. CLAIM THREE.

Petitioner alleges that appellate counsel provided ineffective assistance by failing to raise a claim with respect to each count of which petitioner was convicted, and failing to challenge the validity of the search of his car. Petitioner asserts that any consent to the search of the car was vitiated by Sisson's threat to impound it.

A criminal defendant has a constitutional right to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 460 U.S. 387, 396–97 (1985). Counsel need not, however, raise every non-frivolous claim, but rather may select among them in order to maximize the likelihood of success on appeal. *Smith v. Robbins*, 528 U.S. 259, 288 (2000). Petitioner's appellate counsel thus did not have a duty to raise a claim with respect to every count of which petitioner was convicted. Petitioner's allegations lack merit.

Furthermore, petitioner's assertion that any consent to a search of his vehicle was vitiated by Sisson's improper threat to impound it is also unavailing. Under California law, an officer may "remove" a vehicle when he arrests the person driving it for an alleged offense. Cal. Veh. Code 22651(h)(1). If an officer chooses to impound a vehicle, he may subsequently search it without a warrant. *South Dakota v. Opperman*, 428 U.S. 364, 373 (1976). Sisson thus did not threaten to do anything the law did not give him authority to do. Petitioner's consent was not vitiated by Sisson's actions. Petitioner's claim lacks merit.

For the above-mentioned reasons, petitioner's claim is **DENIED**.

## CONCLUSION

The state court's adjudication of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it

1 result in a decision that was based on an unreasonable determination of the facts in light of the
2 evidence presented in state court proceedings. Accordingly, the petition is **DENIED**. The clerk
3 shall enter judgment in favor of respondent and close the file.
4     Furthermore, a certificate of appealability will not issue. Reasonable jurists would not
5 "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v.*
6 *McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the
7 Court of Appeals.

**IT IS SO ORDERED.**

Dated: January 3, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE